THE CHARLES A. SPARKS.*

THE AGNES R. BACON.    (TWO CASES.)*

*(District Court, E. D. Pennsylvania.    May 14, 1883.)*

1. COMPULSORY PILOTAGE—CONSTITUTIONAL LAW—AUTHORITY OF STATE.
    Where, by a statute of one state, vessels bound to a port of that state were free from the obligation of compulsory pilotage when not spoken outside of a certain line, such a statute has no application to pilot services tendered by a pilot licensed under the laws of another state situated on the same river.
2. SAME—DELAWARE STATUTE, IMPOSING OBLIGATION TO COMPULSORY PILOTAGE UPON VESSELS BOUND TO THE PORT OF PHILADELPHIA, CONSTRUED.
    A pilot, licensed by the state of Delaware, may, by a libel in rem, recover the fees provided by a Delaware statute for pilot services tendered to a vessel on a voyage from a foreign port up the Delaware bay and river to the port of Philadelphia, after the vessel had crossed a straight line drawn from Cape May light to Cape Henlopen light, although such services were refused, and notwithstanding a statute of Pennsylvania exempted all such vessels from the duty of taking a pilot, and in case such service was accepted and performed,

*Reported by Albert B. Guilbert, Esq., of the Philadelphia bar.

prescribed a lower rate of compensation than that provided by the Delaware statute.

*The Clymene,* 9 FED. REP. 165, and 12 FED. REP. 346; and *The Alzena,* 14 FED. REP. 174, followed.

Hearing on Libels and Answers.

These were two libels by John P. Virden, a pilot licensed under an act of the state of Delaware, approved April 5, 1881, claiming the fees prescribed by that act for his services as a pilot tendered to and declined by the schooner Agnes R. Bacon and the brig Charles A. Sparks, on their way from a foreign port to the port of Philadelphia, Pennsylvania.

The answers set forth that when the libelant tendered his services the vessels had crossed a straight line drawn from Cape May light to Cape Henlopen light, and were by the laws of Pennsylvania, to one of whose ports they were bound, exempt from the obligation of taking a pilot, as provided by the act of the eighth of June, 1881, which is as follows: "A deduction of 10 per centum from the rates mentioned in section 1 shall be made when the vessel is first spoken by the pilot inside of a straight line drawn from Cape May light to Cape Henlopen light; but the vessel shall in every such case be exempt from the duty of taking a pilot on her voyage inward to the port of Philadelphia, and the vessel, as well as her master, owner, agent, or consignee, shall be exempt from the duty of paying pilotage or half pilotage, or any penalty whatsoever, in case of her neglect or refusal so to do;" and denied the right of libelant to recover any part of the fees claimed; but that, if entitled at all, no more than the rate allowed by the Pennsylvania act for the performance of such services could be recovered.

*Curtis Tilton* and *Henry Flanders,* for libelant.

*H. G. Ward* and *M. P. Henry,* for respondents.

BUTLER, J. I do not find anything in this case that does not seem to be fully covered by the decisions in *The Alzena* and *The Clymene,* and the claim must, therefore, be allowed.

----

The attorney general of the state of Pennsylvania afterwards filed in the supreme court of the United States a copy of the record in the above case of The Charles A. Sparks, with a suggestion that the admiralty court of this district hath no jurisdiction to impose on vessels bound to the port of Philadelphia a lien or privilege, by virtue of the laws of the state of Delaware; and prayed for a writ of prohibition to be directed to the judge of said dis-

trict to prohibit him from further proceeding in the said cause; and from proceeding to make or enforce any decree by execution or otherwise in said cause. Whereupon, on June 13, 1883, a rule to show cause was entered by BRADLEY, J.—[REP.